IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RUBY LOZADA,<br><br>    Defendant. | No. C 12-3565 CRB<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND REMANDING CASE** |

Defendant Ruby Lozada has filed an Application to Proceed in Forma Pauperis ("IFP"). See dkt. 2. The Court finds that Defendant is unable to pay the Court's filing fee, and therefore GRANTS Defendant's IFP application pursuant to 28 U.S.C. § 1915(a)(1).

The Court next turns to the question of this case's removal. Defendant removed this case from state court on July 6, 2012. See dkt. 1. Plaintiff has already filed a Motion to Remand, see dkt. 5, dkt. 11, but the Court finds this matter is suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b). Because this case does not involve any federal claims, the Court REMANDS it to state court.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution,

1 laws, or treaties of the United States." The burden of establishing that federal jurisdiction
2 exists is on the party seeking removal, and courts strictly construe the removal statute against
3 removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal
4 citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as
5 to the right of removal in the first instance." Id. at 566. Further, a district court must remand
6 the case to state court if it appears at any time before final judgment that the district court
7 lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

8 Defendant asserts that the Court has federal question jurisdiction because "Defendant
9 strongly believes she has been discriminated [sic] and that the Plaintiff has violated federal
10 law, by doing so." See dkt. 1 at 1-2. But Defendant's anticipated federal defense does not
11 give this Court jurisdiction. See Alton Box Bd. Co. v. Esprit de Corp., 682 F.2d 1267, 1274
12 (9th Cir. 1982) ("That anticipated federal defenses do not suffice to establish federal question
13 jurisdiction is a principle too well-established in this circuit to merit discussion."). Federal
14 question jurisdiction exists only when a federal question exists on the face of a well-pleaded
15 complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
16 The state court complaint here involves only a claim of unlawful detainer. See dkt. 1 Ex. A
17 ("Complaint for Unlawful Detainer"). Therefore, no federal question is presented. See
18 Wells Fargo Bank v. Lapeen, No. 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6,
19 2011); Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, at *2 (C.D. Cal.
20 Nov. 22, 2010). Moreover, because Defendant appears to be what is known as a local
21 defendant (residing in the State in which this action has been brought), there is also no
22 diversity jurisdiction. See 28 U.S.C. § 1441(b)(2).

23 Accordingly, the Case is REMANDED to the Superior Court of the State of
24 California, County of Solano.

25 **IT IS SO ORDERED.**

26

27 Dated: September 18, 2012     CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE
28

G:\CRBALL\2012\3565\order remanding.wpd     2